UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

GOVERNMENT EMPLOYEES INSURANCE
COMPANY, GEICO INDEMNITY COMPANY,
GEICO GENERAL INSURANCE COMPANY, and
GEICO CASUALTY COMPANY,

                      Plaintiffs,

  -against-

LI-ELLE SERVICE, INC., JOHN DOES 1-5,

                      Defendants.

----------------------------------------X

**ORDER ADOPTING IN PART AND MODIFYING IN PART REPORT AND RECOMMENDATION**

12-CV-2157 (KAM)(VMS)

**MATSUMOTO, United States District Judge:**

        On May 18, 2012, Government Employees Insurance Company, GEICO Indemnity Company, GEICO General Insurance Company, and GEICO Casualty Company, all Maryland corporations with a principal place of business in that state, ("plaintiffs"), filed the instant action against defendants Li-Elle Service, Inc., a New York corporation, ("Li-Elle"), and John Does 1-5, Li-Elle's principals and citizens of New York (collectively, "defendants"). (*See* ECF No. 1, Compl.) On June 21, 2012, plaintiffs filed an Amended Complaint ("Am. Compl.") against defendants, alleging that defendants were involved in schemes to submit fraudulent claims seeking payment for durable medical equipment ("DME") and orthotic devices purportedly provided to individuals eligible for insurance coverage under GEICO insurance policies. (*See* ECF No. 4, Am. Compl. ¶ 1.) In the amended

complaint, plaintiffs seek a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202, and raise claims of common law fraud and unjust enrichment for which they seek damages. (*See Id.* ¶¶ 50-66.) Plaintiffs seek a declaration that they are not legally obligated to pay outstanding fraudulent claims submitted by defendants. (*Id.* ¶ 2.) Plaintiffs also seek to recover monies paid out on allegedly fraudulent claims because of defendants' alleged fraudulent schemes, plus interest. (*Id.* ¶ 1.)

Li-Elle failed to timely answer or otherwise respond to this action. Accordingly, plaintiffs filed a request for a certificate of default on August 6, 2012. (*See* ECF No. 6, Req. for Cert. of Def.) The Clerk of the Court issued an entry of default against Li-Elle that same day. (ECF No. 7, Clerk's Entry of Default.) Plaintiffs thereafter filed a motion for default judgment as to Li-Elle on August 8, 2012. (ECF No. 8, Notice of Mot. for Def. J.) On August 29, 2012, the court referred plaintiffs' motion to Magistrate Judge Vera M. Scanlon for a Report and Recommendation. (Order Referring Mot., Aug. 29, 2012.)

## DISCUSSION

Presently before the court is Judge Scanlon's Report and Recommendation of February 11, 2013. (ECF No. 15, R&R.) The Report and Recommendation notified the parties of the right to file written objections no later than February 28, 2012. (*Id.* at

23.) A copy of Judge Scanlon's Report and Recommendation was mailed to Li-Elle on February 11, 2013. (*See* R&R at 23.) To date, no objections to the Report and Recommendation have been filed. (*See generally* Docket No. 12-CV-2157.)

A district court reviews those portions of a Report and Recommendation to which a party has timely objected under a *de novo* standard of review and "may accept, reject, or modify, in whole or in part, the findings or recommendations . . ." 28 U.S.C. § 636(b)(1)(C). However, where no objections to the Report and Recommendation have been filed, the district court "need only satisfy itself that that there is no clear error on the face of the record." *Urena v. New York*, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)).

Upon a careful review of the record and Judge Scanlon's well-reasoned and thorough Report and Recommendation, the court hereby adopts in part and modifies in part the Report and Recommendation. The court adopts Judge Scanlon's Report and Recommendation as the opinion of the court in all respects, except for the calculation of plaintiffs' interest award, and the recommendation that plaintiffs' request for a declaratory judgment be granted. (*See* R&R at 22-23.)

As noted by Judge Scanlon, plaintiffs seek interest on monies fraudulently paid to Li-Elle from January 1st of the year

following payment by plaintiffs, rather than from the earlier exact date on which payment was made to Li-Elle. (*See* R&R at 22 n.4.) Li-Elle is alleged to have begun the instant fraud in June of 2007. (Am. Compl. ¶ 26; R&R at 3.) Therefore, the earliest date on which plaintiffs are entitled to interest is January 1, 2008. However, the fourth "Time in years" horizontal row in the chart located on page twenty-two (22) of the Report and Recommendation mistakenly calculates plaintiffs' accrued interest as of January 1, 2007, instead of January 1, 2008. (R&R at 22.) Therefore, the interest owed by Li-Elle for each year of the fraud since 2008, instead of 2007, should be multiplied by one fewer year than is noted in the "Time in years" row of the chart in the Report and Recommendation. In addition to subtracting one year from each figure in the "Time in years" row, the court has also added .175 years to each figure, which represents the 17.5% of one year which has elapsed between January 1, 2013, and the date of this order, March 6, 2013.[1] Thus, plaintiffs' interest award is modified as reflected in the chart below.

---

[1] 64 days from January 1, 2013, to March 6, 2013 ÷ 365 days per year = .175%.

| Billing Year | 2007 | 2008 | 2009 | 2010 | Total Interest on Payments until March 6, 2013 |
|---|---|---|---|---|---|
| Paid to Li-Elle Service, Inc. | $25,243.10 | $232,682.83 | $3,564.56 | $722.55 | |
| Rate of interest per year | .09 | .09 | .09 | .09 | |
| | | | | | |
| Interest per Year | $2,271.87 | $20,941.45 | $320.81 | $65.02 | |
| Time in years | **5.175** | **4.175** | **3.175** | **2.175** | |
| | | | | | |
| Interest until March 6, 2013 | **$11,756.93** | **$87,430.55** | **$1,018.57** | **$141.42** | **$100,347.47** |

Judge Scanlon also recommends that the court grant plaintiffs' motion for a declaratory judgment that plaintiffs are not obligated to pay the outstanding unpaid claims to defendant Li-Elle in the amount of $204,021.50. (R&R at 19, 23.) As Judge Scanlon notes, "[a]ccording to the Declaratory Judgment Act, a court may exercise its discretion to issue a declaratory judgment . . . in cases where the party seeking the declaratory judgment can demonstrate the existence of an actual case or controversy." (R&R at 14 (citing 28 U.S.C. § 2201(a); *Cardinal Chem. Co. v. Morton Int'l, Inc.*, 508 U.S. 83, 95 (1993)).) The Second Circuit has held that a court considering the exercise of its authority under the Declaratory Judgment Act must consider "(1) whether the judgment will serve a useful purpose in clarifying or settling

the legal issues involved" and "(2) whether a judgment would finalize the controversy and offer relief from uncertainty." *Niagara Mohawk Power Corp. v. Hudson River-Black River Regulating Dist.*, 673 F.3d 84, 105 (2d Cir. 2012) (citation omitted). The Second Circuit, however, has also noted with approval that other circuits have added to these considerations "(1) whether the proposed remedy is being used merely for 'procedural fencing' or a 'race to res judicata'; (2) whether the use of a declaratory judgment would increase friction between sovereign legal systems or improperly encroach on the domain of a state or foreign court; and (3) whether there is a better or more effective remedy." *Chevron Corp. v. Camacho Naranjo*, 667 F.3d 232, 245 (2d Cir. 2012). Lastly, the United States Supreme Court has cautioned that

> Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties. Gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided.

*Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 495 (1942); *see also Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995); *Travelers Ins. Co. v. Carpenter*, 411 F.3d 323, 338 (2d Cir. 2005) ("The *Brillhart* abstention doctrine allows a district court in its discretion to abstain from rendering a declaratory judgment when

6

the questions in controversy between the parties to the federal suit . . . can better be settled in the proceeding pending in the state court." (internal quotations omitted)).

Each of the individual unpaid claims which makeup the $204,021.50 declaratory judgment that plaintiffs seek either has been or is currently the subject of several dozen lawsuits filed by Li-Elle against plaintiffs in New York Civil Court, Bronx, New York, Kings, and Queens Counties. (*See* ECF No. 11-3, "Litigation Run", Decl. of Jennifer Fogarty Ex. 3.) Many, if not all, of these state court actions appear to predate the commencement of this federal action, and all of them, like this action, involve questions of New York state contract law. (*See id.*) Further, it is unclear whether all of the state actions listed by plaintiffs are still ongoing as of this date. Therefore, there is a danger that the issuance of a declaratory judgment by this court would "encroach on the domain" of the New York state courts, and aid the federal plaintiffs in a "race to res judicata." *Chevron Corp.*, 667 F.3d at 245.

In light of these dangers, as well as the Supreme Court's admonition that district courts not issue declaratory judgments when there is a parallel state court action regarding the same issues, the court hereby denies plaintiffs' motion for a declaratory judgment without prejudice to renew upon a more detailed description of the status and procedural posture of the

New York Civil Court actions.

## CONCLUSION

The court finds that judgment should be entered in favor of plaintiffs and against defendant Li-Elle as follows: (1) $262,213.04 in compensatory damages; (2) $100,347.47 in prejudgment interest, plus $64.65 per day between today, March 6, 2013, and the date of the Clerk of Court's entry of final judgment; and (3) plaintiffs' request for a declaratory judgment that plaintiffs are not obligated to pay the outstanding unpaid claims to defendant Li-Elle in the amount of $204,021.50 is denied without prejudice to renew. Plaintiffs are directed to file a status letter via ECF no later than March 13, 2013 indicating whether they intend to re-file their motion for a declaratory judgment or withdraw the claim for a declaratory judgment, and whether a judgment on the fraud and unjust enrichment claims should be entered. The court will hold in abeyance the entry of a monetary judgment on the fraud and unjust enrichment claims pending receipt of plaintiffs' status letter on March 13, 2013.

Plaintiffs' counsel is directed to serve a copy of this order upon defendant Li-Elle at the corporation's address on

record with the New York Secretary of State, 86-44 121st Street, Richmond Hill, NY 11418, and to file proof of service on the docket no later than March 7, 2013.

**SO ORDERED.**

Dated:    March 6, 2013
            Brooklyn, New York

                                            _/s/_
                                      Kiyo A. Matsumoto
                                      United States District Judge