UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

GOVERNMENT EMPLOYEES INSURANCE CO., et al.

                                        Plaintiffs,

-against-                                                Docket No.: CV 12-02157
                                                         (KAM)(VMS)

LI-ELLE SERVICE, INC., et al.,

                                        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X


## SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AGAINST DEFAULTING DEFENDANT LI-ELLE SERVICE, INC.


RIVKIN RADLER LLP
Barry I. Levy
Michael A. Sirignano
Max Gershenoff
Justin A. Calabrese
926 RXR Plaza
Uniondale, New York 11556-0926
RR File: 5100-508
Telephone:    (516) 357-3000
Facsimile:    (516) 357-3333

*Counsel for Plaintiffs Government Employees Insurance Co., GEICO Indemnity Co., GEICO General Insurance Company and GEICO Casualty Co.*

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................................. 1

SUPPLEMENTAL STATEMENT OF PERTINENT FACTS ...................................................... 2

SUPPLEMENTAL ARGUMENT ............................................................................................... 3

I.    The Court Should Not Abstain From Granting the Requested Declaratory Judgment ....... 4

    A.    Abstention is an Extraordinary and Narrow Exception to the Court's Duty to
        Adjudicate a Properly-Submitted Controversy ............................................................ 4

    B.    Brillhart-Wilton Abstention is Inappropriate in the Present Case Because
        GEICO's Complaint Does Not Seek Purely Declaratory Relief.................................... 5

    C.    Colorado River Abstention is Inappropriate Because Li-Elle's Civil Court
        Collections Actions are Not Parallel to the Present Case ............................................. 6

    D.    Even Assuming That Li-Elle's Civil Court Collections Actions Were Parallel
        to This Action, Colorado River Abstention Would be Unwarranted ........................... 7

II.    The Considerations Set Forth in Chevron Corp. Militate in Favor of GEICO's
    Requested Declaratory Judgment .................................................................................... 10

    A.    GEICO's Requested Declaratory Judgment Will Finalize the Controversy and
        Settle the Legal Issues Between the Parties ............................................................... 11

    B.    GEICO's Requested Declaratory Judgment Poses No Threat to Federal-State
        Comity ...................................................................................................................... 12

    C.    No Other Remedy Would Be Better or More Effective Than GEICO's
        Requested Declaratory Judgment .............................................................................. 15

    D.    GEICO is Not Engaged in Procedural Fencing or a Race to Res Judicata ................ 17

CONCLUSION ....................................................................................................................... 19

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

AIU Ins. Co. v. Deajess Med. Imaging, P.C.,
    24 Misc. 3d 161 (Sup. Ct. Nassau Cty. 2009) .......................................................................13

Allstate Ins. Co. v. Hisham Elzanaty,
    2013 U.S. Dist. LEXIS 33309 ...............................................................................................17

Allstate Ins. Co. v. Valley Physical Med. & Rehab., P.C.,
    475 F. Supp. 2d 213 (E.D.N.Y. 2007), vacated in part by 555 F. Supp. 2d 335
    (E.D.N.Y. 2008) ......................................................................................................................5

Au Bon Pain Corp. v. Artect, Inc.,
    653 F.2d 61 (2d Cir. 1981)......................................................................................................16

Autoone Ins. Co. v. Manhattan Heights Med., P.C.,
    2009 NY Slip Op 51663U .......................................................................................................14

Autoone Ins. Co. v. Manhattan Heights Medical. P.C.,
    24 Misc.3d 1228(A)(Sup. Ct. Queens Cty. 2009) ..................................................................13

Brillhart v. Excess Insurance Company,
    316 U.S. 491 (1942) ............................................................................................................1, 5

Burnett v. Physician's Online,
    99 F.3d 72 (2d Cir. 1996)(Colorado River is applicable only "in limited situations in
    which state and federal courts exercise concurrent jurisdiction simultaneously")...................6

Chase Group Alliance LLC v. City of New York Dep't of Fin.,
    2009 U.S. Dist. LEXIS 51248 (S.D.N.Y. 2009)...............................................................7, 13

Chevron Corp. v. Camacho Naranjo,
    667 F.3d 232 (2d Cir. 2012) ...............................................................................................1, 3

Chicot County v. Sherwood,
    148 U.S. 529 (1893) .................................................................................................................4

Cohens v. Virginia,
    19 U.S. 264 (1821) ...................................................................................................................4

Colorado River Water Conservation Dist. v. United States,
    424 U.S. 800 (1976) .................................................................................................................3

De Cisneros v. Younger,
    871 F.2d 305 (2d Cir. 1989) ....................................................................................................9

Deakins v. Monaghan,
    484 U.S. 193 (1988) ................................................................................................... 4

Dittmer v. County of Suffolk,
    146 F.3d 113 (2d Cir. 1998) ...................................................................................... 6

Dynamic Medical Imaging, P.C. v. State Farm Mut. Auto. Ins. Co.,
    29 Misc.3d 278 (Dist. Ct. Nassau Cty. 2010)........................................................... 13

GEICO Ins. Co. v. Williams,
    2011 NY Slip Op 30326U ......................................................................................... 14

Gov't Emples. Ins. Co. v. Iav Med. Supply,
    2013 U.S. Dist. LEXIS 28609 ................................................................................... 15

Gov't Emples. Ins. Co. v. Infinity Health Prods.,
    2012 U.S. Dist. LEXIS 58058 ................................................................................... 15

Greyhound Exhibitgroup v. E.L.U.L. Realty Corp.,
    973 F.2d 155 (2d Cir. 1992)...................................................................................... 16

In re Comverse Technology, Inc. Derivative Litigation,
    2006 U.S. Dist. LEXIS 80195 (E.D.N.Y. 2006) ................................................... 6, 7

Kingsway Financial Services, Inc. v. Pricewaterhouse-Coopers, LLP,
    420 F. Supp. 2d 228 (S.D.N.Y. 2005) ....................................................................... 6

Levy v. Lewis,
    635 F.2d 960 (2d Cir. 1980) ...................................................................................... 6

Liberty Mut. Ins. Co. v. Excel Imaging, P.C.,
    879 F. Supp. 2d 243 (E.D.N.Y. 2012)...................................................................... 17

Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,
    460 U.S. 1 (1983) ............................................................................................... 7, 8, 9

National Union Fire Ins. Co. v. Karp,
    108 F.3d 17 (2d Cir. 1997) ........................................................................................ 6

New Orleans Public Service, Inc. v. Council of City of New Orleans,
    491 U.S. 350 (1989) ................................................................................................... 4

Niagara Mohawk Power Corp. v. Hudson River-Black River Regulating Dist.,
    673 F.3d 84 (2d Cir. 2012)........................................................................................ 5

One Beacon Insurance Group, LLC v. Halima,
    29 Misc.3d 1211(A), (Sup. Ct. Suffolk Cty. 2008) ................................................. 13

Remigio v. Kelly,
2005 WL 1950138 (S.D.N.Y. 2005) .......................................................................................... 8

Safeco Ins. Co. of Ind. v. Morel,
2009 NY Slip Op 32187U .......................................................................................................... 14

St. Paul Travelers Ins. Co. v. Nandi,
15 Misc.3d 1145(A)(Sup. Ct. Queens Cty. 2007) ............................................................... 13, 14

State Farm Mut. Auto. Ins. Co. v. Cohan,
2009 U.S. Dist. LEXIS 125653 ................................................................................................. 15

State Farm Mut. Auto. Ins. Co. v. Mallela,
175 F. Supp. 2d 401 (E.D.N.Y. 2001) ........................................................................................ 7

State Farm Mutual Automobile Ins. Co. v. Liguori,
589 F. Supp.2d 221 (E.D.N.Y. 2008) ......................................................................................... 5

State Farm Mutual Automobile Ins. Co. v. Schepp,
2008 U.S. Dist. LEXIS 37848 (E.D.N.Y. May 7, 2008) ......................................................... 5, 6

Tarnoff Chiropractic, P.C. v GEICO Ins. Co.,
35 Misc. 3d 1213(A)(Dist. Ct. Nassau Cty. 2012)(noting that "the Civil Court in the
City of New York and the civil parts Nassau County District Court are inundated with
action[s] being brought to recover first party no-fault benefits") ............................................ 13

Telesco v. Telesco Fuel & Masons' Materials, Inc.,
765 F.2d 356 (2d Cir. 1985) ........................................................................................................ 6

Village of Westfield v. Welch's,
170 F.3d 116 (2d Cir. 1999) ............................................................................................... 5, 8, 9

Willcox v. Consolidated Gas Co.,
212 U.S. 19 (1909) ....................................................................................................................... 4

Wilton v. Seven Falls Co.,
515 U.S. 277 (1995) ................................................................................................................. 1, 5

Woodford v. Community Action Agency of Greene County,
239 F.3d 517 (2d Cir. 2001) .................................................................................................... 8, 9

Zlatnick v. Gov't Emples. Ins. Co.,
2 Misc. 3d 347 (Civ. Ct. Queens Cty. 2003) ........................................................................... 13

2743811 v1

## PRELIMINARY STATEMENT

Plaintiffs Government Employees Insurance Co., GEICO Indemnity Co., GEICO General Insurance Company and GEICO Casualty Co. (collectively "Plaintiffs" or "GEICO") respectfully submit this supplemental memorandum of law in further support of their motion for an Order, pursuant to Fed. R. Civ. P. 55(b)(2), and the Court's inherent power, granting GEICO default judgment against Defendant Li-Elle Service, Inc. ("Li-Elle" or the "Defendant").

In particular, while the Court – in its March 6, 2013 Order – granted GEICO a default judgment against Li-Elle with respect to GEICO's fraud and unjust enrichment claims, it denied GEICO's motion without prejudice to the extent that it sought default judgment on GEICO's declaratory judgment claim. See Docket No. 16. Specifically, GEICO had sought a declaration to the effect that – as a consequence of its fraudulent conduct – Li-Elle has no right to collect on the billing it submitted to GEICO that remains pending and unpaid. See Docket No. 4, ¶¶ 50, et seq., and passim. In denying without prejudice those aspects of GEICO's motion that sought a default judgment on its declaratory judgment claim, the Court determined that: (i) Li-Elle has sued GEICO on its pending bills in the New York City Civil Courts; (ii) the Court therefore deemed the requested declaratory judgment to be inappropriate in light of the abstention doctrine set forth in Brillhart v. Excess Insurance Company, 316 U.S. 491 (1942), Wilton v. Seven Falls Co., 515 U.S. 277 (1995), and their progeny, and in light of the standards set forth in Chevron Corp. v. Camacho Naranjo, 667 F.3d 232 (2d Cir. 2012). See Docket No. 16, pp. 5-9. The Court did, however, permit GEICO to renew its motion for default judgment on its declaratory judgment claim, with supplemental facts regarding the status and procedural posture of the Defendant's Civil Court actions, and supplemental briefing. See Docket No. 16, pp. 7-8; March 13, 2013 Order.

By letter dated March 13, 2013, GEICO requested permission to file the present memorandum of law and the accompanying declaration to address the factual and legal issues raised by the Court. See Docket No. 18. On March 13, 2013, the Court granted GEICO permission to do so. See March 13, 2013 Order.

## SUPPLEMENTAL STATEMENT OF PERTINENT FACTS

For the most part, GEICO intends to stand on the statement of facts that it presented in its original papers on this motion, and respectfully refers the Court to its initial papers for those facts. See Docket No. 9, pp. 1-4. However, GEICO does wish to present certain additional facts that bear upon the Court's consideration of whether default judgment is appropriate as to GEICO's declaratory judgment claim. Specifically, GEICO wishes to present additional facts relating to the overall amount of pending and unpaid billing that it has received from Li-Elle, the percentage of this pending billing that presently is the subject of Li-Elle's Civil Court collections actions, and the status and procedural posture of the Civil Court collections actions. As set forth more fully, below, while Li-Elle has submitted a great deal of billing to GEICO that remains pending and unpaid, it has not sued on a substantial percentage of this billing.

As the Court is aware, GEICO submitted the August 15, 2012 Declaration of Jennifer Fogarty, GEICO's Claims Manager, as part of its original papers on this motion. See Docket No. 11 (the "August 2012 Fogarty Decl."). In the August 2012 Fogarty Decl., Ms. Fogarty noted – among other things – that as of August 15, 2012, the amount of unpaid claims actively in dispute between Li-Elle and GEICO was $204,021.50. See Docket No. 11, ¶ 10. Ms. Fogarty also attached a "Litigation Run" as an exhibit to the August 2012 Fogarty Decl., which identified all active lawsuits in which Li-Elle sought payment from GEICO on its no-fault claims. See Docket No. 11, ¶ 9 and Exhibit "3". In particular, the Litigation Run identified 115 discrete lawsuits seeking to collect a total of $84,727.14 in claims. Id.

2

As set forth in the accompanying Supplemental Declaration of Jennifer Fogarty (the "Supp. Fogarty Decl."), these figures now are out-of-date. In particular:

      (i)    the amount of unpaid claims actively in dispute between Li-Elle and GEICO now is $130,457.47, rather than $204,021.50; and

     (ii)   Li-Elle currently is suing to recover on $94,278.09 of this $130,457.47 in 97 discrete Civil Court collections actions, but has not sued on the remaining $36,179.38.

See Supp. Fogarty Decl., passim.

Furthermore, as set forth in the accompanying Supp. Fogarty Decl., the vast majority of Li-Elle's pending Civil Court collections actions were filed in 2008 or 2009, yet still have not been tried, and – in a number of cases – are not set to go to trial for over a year. See Supp. Fogarty Decl., passim.

## SUPPLEMENTAL ARGUMENT

In denying without prejudice those aspects of GEICO's motion for default judgment that sought judgment on GEICO's declaratory judgment claim, the Court appeared to rely to a significant extent on the Brillhart-Wilton abstention doctrine. See Docket No. 16, pp. 5-7 (citing Brillhart and Wilton). As discussed below, abstention – whether pursuant to the Brillhart-Wilton standards or the more restrictive standards set forth in Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 813 (1976) and its progeny – is inappropriate in the present case.

In its March 6, 2013 Order, the Court also relied to some extent on the Second Circuit's recent decision in Chevron Corp. v. Camacho Naranjo, 667 F.3d 232 (2d Cir. 2012), specifically those portions of the Chevron Corp. decision that warned against issuance of a declaratory judgment in the context of possible "procedural fencing", a "race to res judicata", where the proposed declaration could pose some threat to comity, or where some other remedy would be

3

better or more effective. See Docket No. 16, p. 6. As discussed below, the considerations set forth in Chevron Corp. actually militate in favor of GEICO's requested declaratory judgment.

I.   **The Court Should Not Abstain From Granting the Requested Declaratory Judgment**

   A.   **Abstention is an Extraordinary and Narrow Exception to the Court's Duty to Adjudicate a Properly-Submitted Controversy**

As a starting point, abstention is an extraordinary and narrow exception to the District Court's duty to adjudicate a properly-submitted controversy. The Supreme Court repeatedly has held that federal courts are bound to exercise the jurisdiction conferred upon them. See, e.g., Cohens v. Virginia, 19 U.S. 264, 404 (1821) ("We have no more right to decline the exercise of jurisdiction which is given, than to usurp that which is not given. The one or the other would be treason to the Constitution"); see also Chicot County v. Sherwood, 148 U.S. 529, 534 (1893)("[T]he courts of the United States are bound to proceed to judgment and to afford redress to suitors before them in every case to which their jurisdiction extends. They cannot abdicate their authority or duty in any case in favor of another jurisdiction")(internal quotations and citations omitted); Willcox v. Consolidated Gas Co., 212 U.S. 19, 39 (1909) ("When a Federal court is properly appealed to in a case over which it has by law jurisdiction, it is its duty to take such jurisdiction. . . . The right of a party plaintiff to choose a Federal court where there is a choice cannot be properly denied"). Thus, abstention is "an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it." Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 813 (1976).

Furthermore, abstention, while permissible in certain circumstances, "remains the exception, not the rule." New Orleans Public Service, Inc. v. Council of City of New Orleans, 491 U.S. 350, 359 (1989); see also Deakins v. Monaghan, 484 U.S. 193, 203 (1988).

**B.      Brillhart-Wilton Abstention is Inappropriate in the Present Case Because GEICO's Complaint Does Not Seek Purely Declaratory Relief**

Brillhart-Wilton abstention is inappropriate in the present case because it obtains only in actions where the complaint seeks purely declaratory relief. See, e.g., Village of Westfield v. Welch's, 170 F.3d 116, n. 5 (2d Cir. 1999)("Wilton does not apply here. Although Welch did seek a declaration of rights under the sewer agreement and the FWPCA, the federal action did not seek purely declaratory relief"); see also State Farm Mutual Automobile Ins. Co. v. Liguori, 589 F. Supp.2d 221, 238 (E.D.N.Y. 2008)(holding that "it is well established that the flexible Brillhart standard does not apply to such declaratory judgment cases if suit involves claims for damages as well as a request for declaratory relief"); State Farm Mutual Automobile Ins. Co. v. Schepp, 2008 U.S. Dist. LEXIS 37848 at *15 (E.D.N.Y. May 7, 2008)("Brillhart/Wilton abstention, which only applies to declaratory judgment actions, also merits little discussion: it does not apply because plaintiffs seek, in addition to declaratory relief, damages based on theories of fraud and unjust enrichment."); but see Allstate Ins. Co. v. Valley Physical Med. & Rehab., P.C., 475 F. Supp. 2d 213 (E.D.N.Y. 2007), vacated in part by 555 F. Supp. 2d 335 (E.D.N.Y. 2008) (applying the Brillhart-Wilton standards to abstain from exercising jurisdiction over a similar insurer declaratory judgment claim).[1]

In this case, in addition to its declaratory judgment claim against Li-Elle, GEICO also seeks damages from Li-Elle pursuant to its common law fraud and unjust enrichment claims. Accordingly, Brillhart-Wilton abstention is unwarranted.

---

[1] In Valley Physical, the Court appeared to apply the Brillhart-Wilton standards without considering the weight of authority which holds that Brillhart-Wilton abstention is inappropriate in cases where the complaint seeks damages from a defendant in addition to declaratory relief. See, e.g., Village of Westfield, supra; see also Niagara Mohawk Power Corp. v. Hudson River-Black River Regulating Dist., 673 F.3d 84, 106 (2d Cir. 2012)(Brillhart-Wilton does not apply "where, as here, a plaintiff does not seek purely declaratory relief, but also, for example, disputes a payment made to the defendant and seeks damages caused by the [defendant's] conduct.")(Internal quotations and citation omitted).

**C.**   **Colorado River Abstention is Inappropriate Because Li-Elle's Civil Court Collections Actions are Not Parallel to the Present Case**

Given the mixed nature of GEICO's claims against Li-Elle, to the extent that the Court considers abstention at all, it should apply the more rigorous standards set forth in Colorado River and its progeny, rather than the Brillhart-Wilton standards. See, e.g., Schepp, supra, 616 F. Supp. 2d at 347-348 (in analogous circumstances, rejecting application of Brillhart-Wilton standards in favor of Colorado River standards because Complaint did not seek purely declaratory relief); Liguori, supra, 589 F. Supp. 2d at 238-239 (same).

Pursuant to Colorado River, the threshold inquiry in determining whether a federal court should abstain and defer to a state court is whether the cases are parallel. See Dittmer v. County of Suffolk, 146 F.3d 113, 118 (2d Cir. 1998)("a finding that the concurrent proceedings are 'parallel' is a necessary prerequisite to abstention under Colorado River"); see also Burnett v. Physician's Online, 99 F.3d 72, 76 (2d Cir. 1996)(Colorado River is applicable only "in limited situations in which state and federal courts exercise concurrent jurisdiction simultaneously"); Levy v. Lewis, 635 F.2d 960, 967 (2d Cir. 1980)("abstention for purposes of judicial economy under Colorado River applies only where concurrent federal-state jurisdiction exists.")

Proceedings are parallel for abstention purposes only when "the two proceedings are essentially the same; that is, there is an identity of parties, and the issues and relief sought are the same." National Union Fire Ins. Co. v. Karp, 108 F.3d 17, 22 (2d Cir. 1997); Dittmer, supra, 146 F.3d at 118; see also Telesco v. Telesco Fuel & Masons' Materials, Inc., 765 F.2d 356, 362 (2d Cir. 1985); In re Comverse Technology, Inc. Derivative Litigation, 2006 U.S. Dist. LEXIS 80195 at *5 (E.D.N.Y. 2006).

Parallelism requires a substantial likelihood that the state litigation will dispose of all claims presented in the federal case. See, e.g., Kingsway Financial Services, Inc. v.

6

Pricewaterhouse-Coopers, LLP, 420 F. Supp. 2d 228, 232 (S.D.N.Y. 2005). Under this standard, there is no likelihood that Li-Elle's New York City Civil Court no-fault collections actions will dispose of all of the claims presented herein, inasmuch as GEICO's affirmative common law fraud and unjust enrichment claims in this action do not feature at all in Li-Elle's collections actions. Moreover, the New York City Civil Courts lack the jurisdiction to grant the declaratory judgment that GEICO seeks in the present case. See, e.g., Chase Group Alliance LLC v. City of New York Dep't of Fin., 2009 U.S. Dist. LEXIS 51248 at * 7 (S.D.N.Y. 2009).

In light of this lack of parallelism, and considering that any doubt regarding the parallel nature of a federal and state action should be resolved in favor of the exercise of federal jurisdiction (see, e.g., In re Comverse, supra, at * 6), Colorado River abstention is unwarranted.

**D.  Even Assuming That Li-Elle's Civil Court Collections Actions Were Parallel to This Action, Colorado River Abstention Would be Unwarranted**

Assuming that state and federal proceedings are parallel, Courts consider six factors in determining whether Colorado River abstention is appropriate: (i) whether the controversy involves a res over which one of the courts has assumed jurisdiction; (ii) whether the federal forum is less inconvenient than the other for the parties; (iii) whether staying or dismissing the federal actions will avoid piecemeal litigation; (iv) the order in which the actions were filed, and whether proceedings have advanced more in one forum than in the other; (v) whether federal law provides the rule of decision; and (vi) whether the state procedures are adequate to protect the plaintiff's rights. See, e.g., Colorado River, supra, 424 U.S. at 818; Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 23 (1983); see also State Farm Mut. Auto. Ins. Co. v. Mallela, 175 F. Supp. 2d 401, 411 (E.D.N.Y. 2001).

In this context, "the balance [is] heavily weighted in favor of the exercise of jurisdiction." Moses H. Cone Mem'l Hosp., supra, 460 U.S. at 16. Accordingly, "the facial neutrality of a

factor is a basis for retaining jurisdiction, not for yielding it." Woodford v. Community Action Agency of Greene County, 239 F.3d 517, 522 (2d Cir. 2001).

In the present case, the application of these factors militates against abstention. For instance, neither this action nor the Civil Court collections actions involves a res over which one of the courts has assumed jurisdiction. The absence of a res points toward exercise of federal jurisdiction and weighs against a stay. See, e.g., Village of Westfield, 170 F.3d at 122.

Nor can there be any legitimate argument to the effect that this federal forum is any less convenient that the New York City Civil Courts where Li-Elle's collections actions are pending. See Remigio v. Kelly, 2005 WL 1950138 at * 14 (S.D.N.Y. 2005)("Where the federal and state courthouses are in close proximity to each other ... as they are here, the Second Circuit has held that that factor favors retention of the case in the federal court")(internal quotations and citations omitted). This, too, militates against abstention.

Furthermore, abstention would promote piecemeal litigation, not prevent it. In the present case, the Court may dispose of a large number of individualized no-fault collections actions via a single declaratory judgment. See, e.g., Liguori, 589 F.Supp.2d at 239 (finding, in an analogous case, that the third Colorado River factor actually militated against abstention, because a declaratory judgment in the federal action could obviate the need to resolve the pending state court collections actions).

Moreover, in light of the lack of parallelism between the state collections actions and the instant federal action, a rigorous analysis of the fourth Colorado River factor is superfluous. What is more, as Colorado River and its progeny make clear, timing is far from the most important factor to consider, even assuming the parallelism of the state collections actions and this federal action. See, e.g., Moses H. Cone Mem'l Hosp., supra, 460 U.S. at 21-22. In light of

the lack of parallelism, GEICO submits that of all the <u>Colorado River</u> factors this Court should consider in ruling on the instant motion, the timing of these actions and the progress of the piecemeal state court actions is, by far, the least significant.

With respect to the fifth factor, "although the presence of federal issues strongly advises exercising federal jurisdiction, the absence of federal issues does not strongly advise dismissal, unless the state law issues are novel or particularly complex." <u>Liguori</u>, 589 F.Supp.2d at 239. In this context, there are no novel or complex state law issues presented in this case. <u>See Village of Westfield</u>, 170 F.3d at 124 (dismissal should not be considered "unless the state law issues are novel or particularly complex."); <u>see also Liguori</u>, 589 F.Supp.2d at 239 (in similar case, state law issues regarding no-fault were "not particularly complex").

Where there is a threat that a plaintiff's rights will not be safeguarded in a state court proceeding, the sixth <u>Colorado River</u> factor weighs heavily in favor of the federal court exercising jurisdiction over the case. <u>See De Cisneros v. Younger</u>, 871 F.2d 305, 309 (2d Cir. 1989). Thus, "if there is any substantial doubt as to [whether the state court litigation will provide an adequate resolution], it would be a serious abuse of discretion to grant the stay or dismissal at all." <u>Moses H. Cone Mem'l Hosp.</u>, 460 U.S. at 28.

In this respect, it is difficult to see how Li-Elle's fragmented state court collections actions could safeguard GEICO's right to pursue its declaratory judgment claim, considering that the collections actions have been filed in the New York City Civil Courts, which lack jurisdiction to entertain a declaratory judgment claim. At most, this factor is neutral, which is a basis for retaining jurisdiction, not for yielding it. <u>See Woodford</u>, <u>supra</u>; <u>see also Liguori</u>, <u>supra</u>, 589 F. Supp. 2d at 240 ("The last factor appears to be neutral. There is no reason to think that the state

court would not adequately protect plaintiff's rights, but that in itself is not sufficient reason to abstain.")

Accordingly, Colorado River abstention is unwarranted, even assuming that Li-Elle's Civil Court collections actions were parallel to this action, which they are not.

## II.    The Considerations Set Forth in Chevron Corp. Militate in Favor of GEICO's Requested Declaratory Judgment

In denying GEICO's default judgment motion without prejudice to the extent that it sought a declaratory judgment, the Court also cited to Chevron Corp. for the proposition that a declaratory judgment may be inappropriate in the context of possible "procedural fencing", a "race to res judicata", where the proposed declaration could pose some threat to state-federal comity, or where some other remedy would be better or more effective. See Docket No. 16, p. 6. In particular, the Court determined that there was a danger that GEICO's requested declaratory judgment could encroach on the domain of the New York City Civil Courts, or aid GEICO in a race to res judicata. Id. at p. 7. However, while the Second Circuit did note these considerations in Chevron Corp., it nonetheless observed that the "primary issues in assessing the appropriateness of declaratory relief are (1) whether the judgment will serve a useful purpose in clarifying or settling the legal issues involved; and (2) whether a judgment would finalize the controversy and offer relief from uncertainty." Chevron Corp., 667 F.3d at 245 (internal quotations and citation omitted)(emphasis added).

In this context, and as discussed more fully below, the Chevron Corp. considerations militate in favor of GEICO's request for a declaratory judgment.[2]

---

[2] Aside from setting forth certain issues that Courts should consider with respect to whether a declaratory judgment is appropriate, Chevron Corp. generally is inapposite to the present case. In Chevron Corp., citizens of Ecuador had filed an action in Ecuador which claimed that an oil company's predecessor damaged the environment where they lived, and an Ecuadorian trial court issued a decision which found that the oil company owed $8.6 billion in damages and ordered

A.    **GEICO's Requested Declaratory Judgment Will Finalize the Controversy and Settle the Legal Issues Between the Parties**

As a preliminary matter, GEICO's requested declaratory judgment will finalize the controversy between the parties and settle the legal issues between the parties, inasmuch as GEICO: (i) already has obtained default judgment on its fraud and unjust enrichment claims, which were addressed to the amounts that GEICO already paid in reliance on Li-Elle's fraudulent billing; and (ii) the requested declaratory judgment will obviate the need for GEICO to make payment on any of Li-Elle's pending claims and, by extension, will resolve Li-Elle's pending no-fault collections actions. By contrast, to the extent that GEICO does not obtain the requested declaratory judgment, the parties will continue to litigate Li-Elle's pending claims on a piecemeal basis in the New York City Civil Courts for years to come – given that a significant number of Li-Elle's pending Civil Court actions are not scheduled to go to trial for years. Accordingly, in the present case, both of the "primary issues" to be considered in assessing the appropriateness of declaratory relief militate in favor of GEICO's requested declaratory judgment. See Chevron Corp., 667 F.3d at 245

In this context, it is worthwhile to note that – in Chevron Corp. – the Second Circuit specifically determined that the proposed declaratory judgment would not finalize the dispute

---

the oil company to pay an additional $8.6 billion in punitive damages because it did not issue an apology. Id., 667 F.3d at 236. The oil company filed an action in the Southern District of New York, seeking a judgment declaring that the Ecuadorian court's judgment could not be enforced outside of Ecuador, and the District Court issued an order which enjoined enforcement of the judgment outside of Ecuador. Id., 667 F.3d at 238. On appeal, the Second Circuit noted that the Ecuadorian defendants had not yet made any attempt to enforce their judgment in New York. Id. The Second Circuit then found that the District Court erred in determining that it had the power under New York's Recognition Act to enjoin enforcement of the Ecuadorian court's judgment before the parties who obtained the judgment filed an action in New York seeking enforcement. Id., 667 F.3d at 244-247. The Act allowed the oil company to challenge the validity of the Ecuadorian court's judgment only defensively, in response to an attempted enforcement by the parties who obtained the judgment, yet the defendants had not filed an action to enforce the judgment in New York. Id.

amongst the parties, a consideration that featured significantly in its ultimate decision to remand to the District Court with instructions to dismiss the declaratory judgment claim. See Chevron Corp., 667 F.3d at 246 (noting that the defendants could seek to enforce their Ecuadorian judgment "in any country in the world where Chevron has assets", and "while the declaratory judgment might definitively settle the question of enforcement in New York — a question that in the ordinary course might never arise at all — it would hardly 'finalize' the larger dispute between the parties about the legitimacy of the Ecuadorian judgment or its enforceability in other countries.")

## B. GEICO's Requested Declaratory Judgment Poses No Threat to Federal-State Comity

In denying GEICO's request for a declaratory judgment without prejudice, the Court cited to those portions of Chevron Corp. which warned Courts to consider "whether the use of a declaratory judgment would increase friction between sovereign legal systems or improperly encroach on the domain of a state or foreign court ... ." See Docket No. 16, at p. 6, quoting Chevron Corp., 667 F.3d at 245.

In Chevron Corp., the Second Circuit noted that the requested declaratory judgment was advisory in nature, inasmuch as the oil company was attempting to foreclose enforcement of the Ecuadorian judgment in New York despite the fact that the defendants had not yet attempted to enforce the judgment in New York. Id., 667 F.3d at 246. The Second Circuit therefore held that the requested declaratory judgment "would unquestionably provoke extensive friction between legal systems by encouraging challenges to the legitimacy of foreign courts in cases in which the enforceability of the foreign judgment might otherwise never be presented in New York." Id.

By contrast, in the present case GEICO's requested declaratory judgment poses no threat to federal-state comity. As a preliminary matter, New York Courts repeatedly have recognized

12

that insurers such as GEICO have the right to seek a declaratory judgment to the effect that a healthcare provider may not collect on its pending billing. See, e.g., AIU Ins. Co. v. Deajess Med. Imaging, P.C., 24 Misc. 3d 161, 165 (Sup. Ct. Nassau Cty. 2009)("[D]eclaratory judgment may be an appropriate vehicle for settling disputes concerning no-fault benefits ...."); Dynamic Medical Imaging, P.C. v. State Farm Mut. Auto. Ins. Co., 29 Misc.3d 278 (Dist. Ct. Nassau Cty. 2010)("an insurer can commence a declaratory judgment action seeking a judgment declaring the provider ineligible to receive no-fault payments"); see also Autoone Ins. Co. v. Manhattan Heights Medical. P.C., 24 Misc.3d 1228(A)(Sup. Ct. Queens Cty. 2009)(denying motion to dismiss an action for a declaratory judgment that an insurer was not required to pay fraudulent no-fault claims); One Beacon Insurance Group, LLC v. Halima, 29 Misc.3d 1211(A), (Sup. Ct. Suffolk Cty. 2008) (same); St. Paul Travelers Ins. Co. v. Nandi, 15 Misc.3d 1145(A)(Sup. Ct. Queens Cty. 2007)(same).

Furthermore, there is no threat that the instant declaratory judgment claim will "encroach on the domain" of the New York City Civil Courts, inasmuch as the Civil Courts lack the jurisdiction to issue declaratory judgments in the first instance. See, e.g., Chase Group Alliance LLC, supra.

Moreover, New York Courts repeatedly have recognized that the New York City Civil Court dockets are deluged with individualized no-fault collections actions, and repeatedly have acknowledged the benefits of adjudicating – where possible – piecemeal no-fault collections actions in the context of a single declaratory judgment action. See, e.g., Tarnoff Chiropractic, P.C. v GEICO Ins. Co., 35 Misc. 3d 1213(A)(Dist. Ct. Nassau Cty. 2012)(noting that "the Civil Court in the City of New York and the civil parts Nassau County District Court are inundated with action[s] being brought to recover first party no-fault benefits"); Zlatnick v. Gov't Emples.

13

Ins. Co., 2 Misc. 3d 347, 348 (Civ. Ct. Queens Cty. 2003)("The Civil Court of the City of New York is deluged with [no-fault collections] actions, despite the intent of the Legislature, in enacting the no-fault laws, to establish an efficient way of providing prompt compensation for losses incurred by accident victims without regard to fault or negligence [and] to reduce the burden on the courts … . A review of the daily motion calendars of the Special Term Parts of the Civil Court will reveal that, by a conservative estimate, half of such motions concern no-fault first-party benefits.")(Internal quotations and citation omitted); see also GEICO Ins. Co. v. Williams, 2011 NY Slip Op 30326U at * 10 - * 11 (Sup. Ct. Nassau Cty. 2011)(in an action seeking, among other things, a declaration that defendants were not entitled to recover no-fault benefits, the Court stayed all pending no-fault actions pending the outcome of the declaratory judgment action "in the interests of judicial economy" and due to the possibility of "significantly varying outcomes" if the plaintiff-insurer was required to "litigat[e] each alleged fraudulent claim separately"); Safeco Ins. Co. of Ind. v. Morel, 2009 NY Slip Op 32187U at * 3 - * 4 (Sup. Ct. Nassau Cty. 2009)(in action seeking declaration that, among other things, defendants were not entitled to recover no-fault reimbursement, the Court stayed the defendants' pending collection actions because a single, declaratory judgment action was the most efficient means to resolve the dispute amongst the parties); Autoone Ins. Co. v. Manhattan Heights Med., P.C., 2009 NY Slip Op 51663U at * 3 - * 4 (Sup. Ct. Nassau Cty. 2009)(staying no-fault collection litigation and arbitration to prevent repetitive litigation and arbitration where the declaratory judgment action would universally determine whether the professional corporations were entitled to recover no-fault benefits); Nandi, supra at * 13 - * 14 ("[D]eclaratory judgment will be dispositive of future claims by the defendant PCs for unpaid claims for acupuncture services against Traveler. It is in the interests of judicial economy to resolve the

14

controversy in a single action, rather than require the parties and the lower courts to engage in piecemeal and repetitive litigation.").

In keeping with these considerations, this Court repeatedly has granted declaratory judgments to insurers in similar cases. See, e.g., Gov't Emples. Ins. Co. v. Iav Med. Supply, 2013 U.S. Dist. LEXIS 28609 at * 19 - * 21 (E.D.N.Y. 2013), adopted by 2013 U.S. Dist. LEXIS 27722 (E.D.N.Y. 2013)(on motion for default judgment, granting insurer declaratory judgment to the effect that it was not liable to pay the medical equipment retailer's pending billing); Gov't Emples. Ins. Co. v. Infinity Health Prods., 2012 U.S. Dist. LEXIS 58058 at * 11 - * 14, * 35 (E.D.N.Y. 2012), adopted by 2012 U.S. Dist. LEXIS 58060 (E.D.N.Y. 2012)(same); State Farm Mut. Auto. Ins. Co. v. Cohan, 2009 U.S. Dist. LEXIS 125653 at * 10 - * 12 (E.D.N.Y. 2009)(collecting cases).

In light of these authorities, GEICO's requested declaratory judgment poses no actual threat to federal-state comity. To the contrary, the requested declaratory judgment would be a courtesy to the New York City Civil Courts where Li-Elle's no-fault collections actions are pending, inasmuch as it would reduce the amount of no-fault collections actions that presently clog the Civil Court dockets.

### C.    No Other Remedy Would Be Better or More Effective Than GEICO's Requested Declaratory Judgment

As discussed above, in Chevron Corp. the Second Circuit took note of the fact that the proposed declaratory judgment was advisory in nature, inasmuch as it sought to foreclose enforcement of the Ecuadorian judgment in New York, yet the defendants had not yet made any attempt to enforce the Ecuadorian judgment in New York. See, e.g., Chevron Corp., 667 F.3d at 246. After noting the advisory character of the requested declaration, the Second Circuit determined that there was a better or more effective remedy than the proposed declaratory

judgment – to wit: the oil company could present its defenses to the Ecuadorian judgment in New York "if, as and when the [defendants] seek to enforce their judgment in New York." Id. Thus, the Second Circuit's determination in Chevron Corp. that the requested declaratory judgment was an inferior remedy was predicated on a determination that the oil company's declaratory judgment claim was not ripe, and might never be ripe.

By contrast, in the present case, GEICO's declaratory judgment claim is ripe, inasmuch as Li-Elle indisputably has commenced a series of collections actions against GEICO in the New York City Civil Courts, which currently are pending.

Furthermore, and for several reasons, the present declaratory judgment claim is superior to every other method by which GEICO and the Courts might deal with Li-Elle's piecemeal collections actions. First, and as discussed above, it is the most economical method – as previously recognized in other cases both by New York Courts and by this Court.

Second, it promises to bring the dispute between the parties to an immediate, final conclusion – something that cannot be done in the Civil Court collections actions, because the Civil Court cannot issue a declaratory judgment that would address all of Li-Elle's piecemeal claims on a wholesale basis.

Third, this Court already has granted GEICO default judgment against Li-Elle on its fraud and unjust enrichment claims and – by virtue of its default – Li-Elle has "admitted all of the well-pleaded allegations in the complaint pertaining to liability and the Court accepts those allegations as true", including GEICO's fraud allegations. Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981); see also Greyhound Exhibitgroup v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992)(same). In this context, the requested declaratory judgment is a necessary concomitant of the fraud and unjust enrichment judgment, in order to prevent the absurd specter of

16

significantly varying outcomes and inconsistent results. Indeed, under analogous circumstances, New York Courts and this Court not only have permitted insurers' declaratory judgment actions to proceed, but have gone so far as to stay pending no-fault collections litigation and arbitration pending the disposition of the declaratory judgment claims. See, e.g., Liberty Mut. Ins. Co. v. Excel Imaging, P.C., 879 F. Supp. 2d 243, 264 (E.D.N.Y. 2012)(staying no-fault collections arbitration pending the disposition of insurer's declaratory judgment claim, and noting that "[p]ermitting these individual claims to proceed to arbitration while their claim for a declaratory judgment remains pending in this court puts the plaintiffs at significant risk of multiple judgments that may be inconsistent with the ultimate decision in this case."); see also Allstate Ins. Co. v. Hisham Elzanaty, 2013 U.S. Dist. LEXIS 33309 at * 43 - * 60 (E.D.N.Y. 2013)(same, and collecting cases).

Accordingly, GEICO's requested declaratory judgment is the best and most effective way to deal with the totality of the parties' dispute.

### D.       GEICO is Not Engaged in Procedural Fencing or a Race to Res Judicata

In Chevron Corp., the Second Circuit suggested that the oil company-plaintiff was engaged in procedural fencing or a race to res judicata because it had requested a declaratory judgment foreclosing the enforcement of the Ecuadorian judgment in New York despite the fact that the defendants had not attempted to enforce the Ecuadorian judgment in New York, and might never attempt to enforce the Ecuadorian judgment in New York. See Chevron Corp., 667 F.3d at 245-246.

By contrast, in the present case GEICO does not seek any sort of advisory or speculative declaratory judgment regarding Li-Elle's entitlement to collect on its pending billing. Rather, Li-Elle indisputably is attempting to recover on its pending billing through its Civil Court collections actions.

17

Furthermore, GEICO cannot be said to be engaged in any sort of race to <u>res judicata</u>, considering that the majority of Li-Elle's Civil Court actions were filed in 2008 or 2009 and a significant percentage of them are not scheduled for trial for months or years. This simply is not a case, as in <u>Chevron Corp.</u>, where a plaintiff pre-emptively and precipitously seeks an advisory opinion in order to foreclose a claim that has yet to materialize. To the contrary, GEICO already has obtained judgment on its fraud and unjust enrichment claims, yet Li-Elle presently is attempting to recover on outstanding billing that is every bit as fraudulent as the paid billing that formed the basis for GEICO's successful fraud and unjust enrichment claims. Indeed, by virtue of its default in this action, Li-Elle has <u>admitted</u> that its pending billing is every bit as fraudulent as the paid billing that formed the basis for GEICO's successful fraud and unjust enrichment claims. The requested declaratory judgment therefore should be granted to bring the remaining aspects of GEICO's dispute with Li-Elle to an efficient, final conclusion that also will avoid the risk of varying outcomes and inconsistent results.

18

## CONCLUSION

For the reasons stated herein, GEICO's application for default judgment against Li-Elle

should be granted, including its request for default judgment on its declaratory judgment claim.

Dated: Uniondale, New York
March 28, 2013

Respectfully submitted,

RIVKIN RADLER LLP

By: _____

Barry I. Levy
Michael A. Sirignano
Max Gershenoff
Justin A. Calabrese
926 RXR Plaza
Uniondale, NY 11556-0926
Tel.: (516) 357-3000
Fax: (516) 357-3333
RR File: 5100-308

*Counsel for Plaintiffs, Government
Employees Insurance Co., GEICO
Indemnity Co, GEICO General Insurance
Company and GEICO Casualty Co.*

19