

WWW.RIVKINRADLER.COM

**MAX GERSHENOFF**
PARTNER
(516) 357-3444
max.gershenoff@rivkin.com

March 3, 2014

**VIA ECF**

Hon. Kiyo A. Matsumoto
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:  *Government Employees Ins. Co., et al. v.*
              *Li-Elle Service, Inc. et al.*
              Docket No. 12-cv-2157(KAM)(VMS) (E.D.N.Y.)
              RR File No.:  005100-00508

Dear Judge Matsumoto:

As the Court is aware, we represent Plaintiffs Government Employees Insurance Co., GEICO Indemnity Co., GEICO General Insurance Company and GEICO Casualty Co. (collectively "GEICO" or "Plaintiffs") in the above-referenced matter.

We write to respectfully submit certain recent authority that bears directly upon GEICO's motion for default judgment on its declaratory judgment claim against Defendant Li-Elle Service, Inc. ("Li-Elle" or the "Defendant"). See Docket Nos. 21-22.

By way of background, in this action GEICO alleged that Li-Elle and its associates engaged in a large-scale no-fault insurance fraud scheme, in which they stole hundreds of thousands of dollars from GEICO through the submission of fraudulent and inflated billing for durable medical equipment. See Docket No. 4, passim. GEICO asserted common law fraud and unjust enrichment claims to recoup the money that Li-Elle and its associates stole, as well as a declaratory judgment claim seeking a declaration to the effect that GEICO was not liable to pay any of Li-Elle's pending fraudulent billing. Id.

In August 2012, after Li-Elle defaulted, GEICO moved for default judgment on all of its claims, including not only its declaratory judgment claim, but also its claims for fraud and unjust enrichment. See Docket Nos. 8-11. The Court then referred the motion for default judgment to Magistrate Judge Vera M. Scanlon, for a report and recommendation. See August 29, 2012 Docket Entry. On February 11,

926 RXR Plaza
Uniondale, NY  11556
T 516.357.3000
F 516.357.3333

555 Madison Avenue
New York, NY  10022
T 212.455.9555
212.687.9044

21 Main Street
Court Plaza South
West Wing, Suite 158
Hackensack, NJ  07601
T 201.287.2460
F 201.489.0495



Hon. Kiyo A. Matsumoto
March 3, 2014
Page 2

2013, Magistrate Judge Scanlon issued a report and recommendation, recommending entry of default judgment on all of GEICO's claims, including its claim for a declaratory judgment. See Docket No. 15.

By Order dated March 6, 2013, the Court adopted Magistrate Judge Scanlon's report and recommendation to the extent of granting GEICO default judgment on its fraud and unjust enrichment claims. See Docket No. 16. However, the Court modified Magistrate Judge Scanlon's report and recommendation to the extent of denying GEICO judgment on its declaratory judgment claim, albeit without prejudice. Id.

In particular, the Court observed that the declaratory judgment claim sought a declaration to the effect that GEICO was not liable on Li-Elle's pending fraudulent claims, but also noted that at least some of these claims were the subject of lawsuits in the New York City Civil Courts, where Li-Elle – as plaintiff – was seeking to recover on its billing. Id. The Court therefore determined that abstention might be warranted under Brillhart v. Excess Insurance Company, 316 U.S. 491 (1942), Wilton v. Seven Falls Co., 515 U.S. 277 (1995), and their progeny. See Docket No. 16. Accordingly, the Court denied GEICO's motion for default judgment without prejudice to the extent that it sought a default judgment on its declaratory judgment claim, subject to renewal upon a more detailed showing as to the status and procedural posture of the New York City Civil Court cases. Id.

By letter dated March 13, 2013, GEICO requested leave to file a supplemental memorandum of law and a supplemental declaration in further support of its request for default judgment on its declaratory judgment claim. See Docket No. 18. By Order dated March 13, 2013, the Court granted GEICO permission to file the supplemental materials, and noted that it would hold the judgment on GEICO's fraud and unjust enrichment claims in abeyance pending the disposition of the declaratory judgment claim. See March 13, 2013 Docket Entry.

On March 28, 2013, GEICO filed its supplemental memorandum of law and supplemental declaration in further support of its request for default judgment on its declaratory judgment claim. See Docket Nos. 21-22. Both GEICO's request for default judgment on its declaratory judgment claim, and the entry of judgment on GEICO's fraud and unjust enrichment claims, have been pending since that time.

In the interim, certain pertinent decisions in highly analogous cases have issued that we would like to bring to the Court's attention, because they bear upon GEICO's pending request for default judgment on its declaratory judgment claim.

Specifically, in Gov't Emples. Ins. Co. v. AMD Chiropractic, P.C., 2013 U.S. Dist. LEXIS 130695 (E.D.N.Y. 2013), adopted by Gov't Emples. Ins. Co. v. AMD Chiropractic, P.C., 2013 U.S. Dist. LEXIS



Hon. Kiyo A. Matsumoto
March 3, 2014
Page 3

130671 (E.D.N.Y. 2013), the Court considered a very similar motion for default judgment, in which GEICO sought to recover money that it paid in reliance on certain healthcare providers' fraudulent no-fault insurance claims, and also sought a declaratory judgment to the effect that it was not liable to pay the healthcare providers' pending fraudulent claims. In AMD Chiropractic, as in the present case, the healthcare providers had initiated state court actions in an attempt to collect on their pending billing, but GEICO argued that Brillhart abstention was unwarranted, considering that – as in the present case – the Complaint did not seek purely declaratory relief. Id. at * 24 - * 26. The Court agreed, and granted GEICO's request for a declaratory judgment, determining that Brillhart abstention was unwarranted where the complaint did not seek purely declaratory relief and that abstention under Colorado River Water Conservation Dist. V. United States, 424 U.S. 800 (1976) likewise was unwarranted, given that – among other things – the defendants had forfeited their right to invoke Colorado River abstention by virtue of their defaults. Id.

Along similar lines, in Gov't Emples. Ins. Co. v. Five Boro Psychological Servs., P.C., 939 F. Supp. 2d 208 (E.D.N.Y. 2013), GEICO alleged that the defendants stole large sums of money through fraudulent no-fault insurance billing, and asserted claims for common law fraud, unjust enrichment, and under the civil RICO statute. As in the present case, GEICO also sought a declaratory judgment to the effect that it was not liable to pay any of the defendants' pending fraudulent billing. In Five Boro, the defendants did not default, and instead moved for abstention with respect to GEICO's declaratory judgment claim, under both the Brillhart and the Colorado River abstention doctrines, based on the fact that they were attempting to collect on their pending billing through state court litigation. Id., 939 F. Supp. 2d at 215-217. However, the Court rejected Brillhart abstention, noting that – as in the present case – GEICO's complaint did not seek purely declaratory relief. Id. The Court also found Colorado River abstention inappropriate – despite the fact that some of the defendants' state court collections cases were fairly advanced procedurally – because such abstention was an "'extraordinary and narrow exception' to this Court's duty to adjudicate a controversy properly before it." Id.

Likewise, in Allstate Ins. Co. v. Smirnov, 2013 U.S. Dist. LEXIS 138180 (E.D.N.Y. 2013), adopted by Allstate Ins. Co. v. Smirnov, 2013 U.S. Dist. LEXIS 137514 (E.D.N.Y. 2013), Allstate alleged that the defendants stole large sums of money through fraudulent no-fault insurance billing, and asserted claims for common law fraud, unjust enrichment, and under the civil RICO statute. As in the present case, Allstate also sought a declaratory judgment to the effect that it was not liable to pay any of the defendants' pending fraudulent billing. After the defendants defaulted, Allstate sought a default judgment on all of its claims. In granting the motion, the Court determined that – as in AMD Chiropractic and Five Boro – Brillhart abstention was inappropriate, despite the pendency of the defendants' state court collections suits, because Allstate's complaint did not seek purely declaratory relief. Id. at * 25 - * 26.



Hon. Kiyo A. Matsumoto
March 3, 2014
Page 4


GEICO respectfully submits that the decisions in AMD Chiropractic, Five Boro, and Smirnov bear directly upon this Court's consideration of its pending motion for default judgment on its declaratory judgment claim. Accordingly, GEICO wanted to bring them to the Court's attention.

Accordingly, for the reasons set forth in GEICO's motion papers, and herein, GEICO respectfully requests that its motion for default judgment on its declaratory judgment claim be granted in its entirety, and that the Court also enter the previously granted judgment on GEICO's common law fraud and unjust enrichment claims.

We appreciate the Court's attention to this matter.

                              Respectfully submitted,

                              RIVKIN RADLER LLP

                              /s/ Max Gershenoff
                              Max Gershenoff (MG 4648)

cc:        All counsel via ECF