```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
```

GOVERNMENT EMPLOYEES INSURANCE
COMPANY, GEICO INDEMNITY COMPANY,
GEICO GENERAL INSURANCE COMPANY, and
GEICO CASUALTY COMPANY,

**MEMORANDUM AND ORDER**

12-CV-2157 (KAM) (VMS)

              Plaintiffs,

    -against-

LI-ELLE SERVICE, INC., JOHN DOES 1-5,

             Defendants.

```
----------------------------------------X
```
**MATSUMOTO, United States District Judge:**

        Presently before the court is a renewed motion for default judgment filed by Government Employees Insurance Company, GEICO Indemnity Company, GEICO General Insurance Company, and GEICO Casualty Company ("plaintiffs" or "GEICO"), seeking a declaration that plaintiffs are not legally obligated to pay outstanding fraudulent claims submitted by defendant Li-Elle Service, Inc. ("Li-Elle" or "defendant"). On March 21, 2013, defendant was properly served with plaintiffs' renewed motion for declaratory judgment at the address on record with New York's Secretary of State, but the motion was returned as undeliverable. In addition, Li-Elle's default in this action was previously noted by the Clerk of Court on August 6, 2012. Therefore, the court considers the motion fully briefed and, for

the reasons set forth below, plaintiffs' motion for declaratory relief is granted.

## BACKGROUND

I.  **The Instant Action**

On May 18, 2012, plaintiffs filed the instant action alleging that defendants were involved in schemes to submit fraudulent claims seeking payment for durable medical equipment ("DME") and orthotic devices purportedly provided to individuals eligible for insurance coverage under GEICO insurance policies. (*See generally* Compl., ECF No. 1.) On June 21, 2012, plaintiffs filed an amended complaint against Li-Elle and five unnamed owners of Li-Elle. (Am. Compl. ¶ 1, ECF No. 4.) In the amended complaint, plaintiffs raised claims of common law fraud and unjust enrichment for which they sought damages and a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202. (Am. Compl. ¶¶ 50-66.) Plaintiffs specifically sought a declaratory judgment that they are not legally obligated to pay outstanding fraudulent claims submitted by Li-Elle. (Am. Compl. ¶ 2.)

Li-Elle failed to answer timely or otherwise respond to this action, and, as previously discussed, the Clerk of Court noted Li-Elle's default on August 6, 2012. (ECF No. 7.) On August 29, 2012, the court referred plaintiffs' motion to enter a default judgment to Magistrate Judge Vera M. Scanlon for a

Report and Recommendation. On February 11, 2013, Judge Scanlon issued her Report and Recommendation. ("R&R," ECF No. 15.) In the R&R, Judge Scanlon recommended that the court enter judgment against Li-Elle on plaintiffs' fraud and unjust enrichment claims in connection with the DME scheme. Judge Scanlon further recommended that a declaratory judgment be entered providing that plaintiffs are not obligated to pay defendant's outstanding claims because plaintiffs had alleged with sufficient particularity that the outstanding claims made were fraudulent.[1] (R&R at 14-19.) No objections to Judge Scanlon's Report and Recommendation were filed by the parties after plaintiffs served the R&R on Li-Elle at the corporation's last known address.

Upon review of the record and the Report and Recommendation, on March 6, 2013, the court adopted Judge Scanlon's R&R in all respects except for the calculation of plaintiffs' interest award, and the recommendation that plaintiffs' request for declaratory relief be granted. ("Order Adopting R&R" at 3, ECF No. 16.) Specifically, the court adopted Judge Scanlon's findings that Li-Elle was liable to plaintiffs for fraud and unjust enrichment and found that judgment should be entered against Li-Elle in the amount of $262,213.04 in compensatory damages; $100,347.47 in prejudgment

---

[1] On a motion for default judgment, a defendant's failure to respond constitutes an admission of the well-pleaded allegations in the complaint. *See, e.g.*, *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992).

interest, plus $64.65 per day in interest between March 6, 2013 and the date of entry of judgment. (Order Adopting R&R at 8.)

With respect to plaintiffs' request for a declaratory judgment that plaintiffs are not obligated to pay defendant's outstanding claims, the court denied the motion without prejudice to renew. (Order Adopting R&R at 8). In denying plaintiffs' motion without prejudice, the court concurred with Judge Scanlon's analysis regarding the fraudulent nature of Li-Elle's outstanding claims but noted its concern over "a danger that the issuance of a declaratory judgment by this court would 'encroach on the domain' of the New York state courts, and aid the federal plaintiffs in a 'race to res judicata.'" (Order Adopting R&R at 7 (quoting *Chevron Corp. v. Camacho Naranjo*, 667 F.3d 232, 245 (2d Cir. 2012)).) The court thereafter permitted plaintiffs to file supplemental materials in support of a renewed motion for entry of declaratory judgment which addressed the court's concerns about encroaching on the domain of the New York state courts. (Order of Mar. 13, 2013.)

On March 28, 2013, plaintiffs submitted a supplemental memorandum of law in support of their motion for a declaratory judgment against Li-Elle. (Pls. Supp. Mem. of Law ("Pls. Mem.") at 1, ECF No. 21.) On March 3, 2014, plaintiffs also provided the court with supplemental authority in support of its motion. (ECF No. 23.)

## II. The New York State Actions

As part of their supplemental submission to the court, plaintiffs have provided the court with a declaration from Jennifer Fogarty, an employee of GEICO. ("Fogarty Supp. Decl.," ECF No. 22.) Fogarty states that, after a review of GEICO's records, she has identified unpaid claims actively in dispute between Li-Elle and GEICO totaling $130,457.47. (Forgarty Supp. Decl. ¶ 8.) Fogarty's review also indicates that Li-Elle has initiated ninety-seven lawsuits in New York City Civil Court to recover a total of $94,278.09. (Fogarty Supp. Decl. ¶¶ 7-8.) GEICO's records further indicate that, at the time of Fogarty's declaration, Li-Elle had not sued on the remaining $36,179.38 in unpaid claims. (Fogarty Supp. Decl. ¶¶ 7-8.)

Of the ninety-seven current lawsuits that Li-Elle currently has pending against GEICO, twelve are not scheduled for trial until either late 2014 or 2015. (Fogarty Supp. Decl. ¶ 9(i), Ex. C.) Furthermore, eighty-two of Li-Elle's pending collection lawsuits were filed in 2008 or 2009, but had not yet been tried at the time of Fogarty's declaration. (Fogarty Supp. Decl. ¶ 9(ii).)

## DISCUSSION

## I. Declaratory Judgment

Pursuant to the Declaratory Judgment Act, "any court of the United States, upon the filing of an appropriate

pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought". 28 U.S.C. § 2201. "The DJA 'is an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant. The propriety of issuing a declaratory judgment may depend upon equitable considerations, and is also informed by the teachings and experience concerning the functions and extent of federal judicial power.'" *Niagara Mohawk Power Corp. v. Hudson River-Black River Regulating Dist.*, 673 F.3d 84, 106 n.7 (2d Cir. 2012) (quoting *Green v. Mansour*, 474 U.S. 64, 72 (1985)). The Supreme Court has cautioned, however, that abstaining from adjudicating a declaratory judgment, and abstention in general, "is the exception, not the rule. . . . 'Abdication of the obligation to decide cases can be justified under this doctrine only in the exceptional circumstances where the order to the parties to repair to the state court would clearly serve an important countervailing interest.'" *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 813 (1976) (quoting *Cnty. of Allegheny v. Frank Mashuda Co.*, 360 U.S. 185, 188-89 (1959)); *see also Vill. of Westfield v. Welch's*, 170 F.3d 116, 120 (2d Cir. 1999) ("Because [abstention] is an exception to a court's normal duty to adjudicate a controversy properly before it, the district court's discretion must be exercised

within the narrow and specific limits prescribed by the particular abstention doctrine involved." (citation omitted)).

Therefore, the first question before the court is whether or not the court should abstain from adjudicating plaintiffs' motion for declaratory relief. For the reasons set forth below, the court declines to abstain from granting the declaratory relief sought by plaintiffs in this case.

**II.** *Colorado River* **Abstention Analysis**

The applicable test for whether abstention is appropriate was articulated by the Supreme Court in *Colorado River*, 424 U.S. 800 (1976).[2] *Id.* at 817 (noting that the case's abstention standard applies to "situations involving the contemporaneous exercise of concurrent jurisdictions, either by federal courts or by state and federal courts"); *see also Vill. of Westfield*, 170 F.3d at 125 n.5 (noting that *Colorado River* applies in cases involving parallel state court proceedings where the plaintiff sought both declaratory relief and money damages); *Gov't Emps. Ins. Co. v. Five Boro Psychological*

---

[2] As plaintiffs correctly note, another abstention doctrine related to requests for declaratory relief, known as *Brillhart-Wilton* abstention after the Supreme Court's decisions in *Brillhart v. Excess Insurance Co. of America*, 316 U.S. 491 (1942) and *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995), is not applicable in this case. The *Brillhart-Wilton* test is applicable where a party seeks declaratory relief only. *Niagara Mohawk*, 673 F.3d at 106 ("*Wilton* does not apply where, as here, a plaintiff does not seek purely declaratory relief, but also . . . seeks damages caused by the [defendant's] conduct.") (internal quotation marks and citations omitted; alteration in original); *see also Kanciper v. Suffolk Cnty. Soc. for the Prevention of Cruelty to Animals, Inc.*, 722 F.3d 88, 93 (2d Cir. 2013) (same).

7

*Servs.*, 939 F. Supp. 2d 208, 216 (E.D.N.Y. 2013) (applying the *Colorado River* test in an insurance fraud case factually analogous to the instant matter).

Pursuant to the *Colorado River* abstention doctrine, a district court may stay or dismiss a party's claims only where "(1) the relevant state and federal actions are 'concurrent' or 'parallel' and (2) evaluation of a six-factor test weighs in favor of abstention." *DDR Constr. Servs. Inc. v. Siemens Indus., Inc.,* 770 F. Supp. 2d 627, 644 (S.D.N.Y. 2011) (citing *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983)). "These six factors include: (1) the assumption of jurisdiction by either court over any res or property; (2) the inconvenience of the federal forum; (3) the avoidance of piecemeal litigation; (4) the order in which jurisdiction was obtained; (5) whether state or federal law supplies the rule of decision; and (6) whether the state court proceeding will adequately protect the rights of the party seeking to invoke federal jurisdiction." *Vill. of Westfield*, 170 F.3d at 121. The court's task in engaging in the *Colorado River* test "is not to find some substantial reason for the *exercise* of federal jurisdiction by the district court; rather, the task is to ascertain whether there exist "exceptional" circumstances, the "clearest of justifications," that can suffice under *Colorado*

*River* to justify the *surrender* of that jurisdiction." *Moses Cone,* 460 U.S. at 25-26, (emphasis in original).

The court finds that the instant case and Li-Elle's state collection proceedings are not parallel and that, even if the federal and state actions were parallel, abstention would not be warranted under the *Colorado River* six-factor test.

  a. <u>Whether the Instant Case and the State Collection Cases Are Parallel</u>

The threshold question in determining whether a federal court should abstain from adjudication under *Colorado River* is whether the state court proceedings are "parallel." *Dittmer v. Cnty. of Suffolk*, 146 F.3d 113, 118 (2d Cir. 1998) ("[A] finding that the concurrent proceedings are 'parallel' is a necessary prerequisite to abstention under *Colorado River*."). In determining whether two actions are parallel for purposes of *Colorado River* abstention, "a court may consider whether the actions involve the same (i) parties, (ii) subject matter, and (iii) relief requested." *Hous. Works, Inc. v. City of New York*, 72 F. Supp. 2d 402, 417 (S.D.N.Y. 1999) (citing *Sheerbonnet Ltd. V. Am. Exp. Bank Ltd.*, 17 F.3d 36, 49-50 (2d Cir. 1994)). "Complete identity of parties and claims is not required; the parallel litigation requirement is satisfied when the main issue in the case is the subject of already pending litigation." *GBA Contracting Corp. v. Fid & Deposit Co.*, No. 00-CV-1333, 2001 WL

9

11060, at *1 (S.D.N.Y. Jan. 3, 2001). There must, however, be "a substantial likelihood that the state litigation will dispose of *all* claims presented in the federal case." *Allstate Ins. Co. v. Elzanaty*, 916 F. Supp. 2d 273, 287 (E.D.N.Y. 2013) (citing *In re Comverse Tech., Inc.*, No. 06-CV-1849, 2006 WL 3193709, at *2 (E.D.N.Y. Nov. 2, 2006)) (emphasis in the original).

In light of these principles, the court concurs with plaintiffs' contention that the instant case and Li-Elle's state court cases are not parallel under factors discussed in *Dittmer*. First, the identities of the parties, the GEICO entities and Li-Elle, are the same. (*See* Fogarty Supp. Decl. Ex. C (listing pending state court collection cases).) Second, the subject matter of the cases is virtually the same; Li-Elle's civil actions for payment in the state court proceedings are the same that were found to be fraudulent by this court. (*See* R&R at 18-19; Am. Compl. ¶¶ 50-53.) Third, the relief requested in the federal and state actions is, however, distinct. As plaintiffs note, Li-Elle's actions in state court will not dispose of plaintiffs' common law fraud claim, unjust enrichment claim, and declaratory judgment claim. Based on the distinct relief sought in the state and federal actions, the actions are not parallel. *But see Five Boro Psychological Servs.*, 939 F. Supp. 2d at 216 (finding that a federal case regarding fraudulent insurance billing and state collection proceedings present an "example of

parallel litigation in state and federal court."). Because the state actions and the instant case are not parallel, the court will not abstain from ruling on plaintiffs' renewed motion for declaratory judgment. *See, e.g.*, *Wells Fargo Bank, Nat'l Ass'n v. Kokolis*, No. 12-CV-2433, 2013 WL 789448, at *5 (holding that abstention was inappropriate where there was no parallelism between the state and federal actions).

> b. Under the Six-Factor *Colorado River* Test, Abstention is Not Warranted

Even if the court were to find that the actions are parallel, the six *Colorado River* factors either militate against or are neutral as to abstaining in this action. To determine whether abstention under *Colorado River* is appropriate, a district court is required to weigh six factors, "with the balance heavily weighted in favor of the exercise of jurisdiction." *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 16. "[A]lthough the test for *Colorado River* abstention is no 'mechanical checklist,' the district court *must* balance the relevant factors in reaching its decision." *Vill. of Westfield*, 170 F.3d at 121 (emphasis in original) (citation omitted). Consideration of each factor is set forth below.

> i. *Factors One and Two: Jurisdiction Over a* Res *and Inconvenience of the Federal Forum*

The present case involves neither a *res* over which the court has exercised jurisdiction, nor an inconvenient federal

forum.[4] Therefore, the first two *Colorado River* factors weigh against abstention. *See Woodford v. Cmty. Action Agency of Greene Cnty., Inc.*, 239 F.3d 517, 523 (2d Cir. 2001) ("[T]he absence of a *res* and the equivalent convenience of the federal forum are factors that favor retention of jurisdiction [by the federal court]."); *accord Remigio v. Kelly*, No. 04-CV-1877, 2005 WL 1950138, at *13-14 (S.D.N.Y. Aug. 12, 2005); *Wells Fargo Century, Inc. v. Hanakis*, No. 04-CV-1381, 2005 WL 1523788, at *10 (E.D.N.Y. June 28, 2005).

    ii. *Factor Three: Avoidance of Piecemeal Litigation*

The third factor, avoidance of piecemeal litigation, also militates against abstention. As discussed previously, adjudication of Li-Elle's claims against GEICO are ongoing in ninety-seven distinct state court lawsuits. (*See* Fogarty Supp. Decl. ¶ 8.) In light of the judgment in this case that defendant is liable to plaintiffs for fraud and unjust enrichment based on its billing practices, it would be highly inefficient and duplicative for plaintiffs to continue to litigate defendant's entitlement to payment in so many cases. Several courts confronted with similar fraudulent insurance billing schemes and parallel state court collection cases have emphasized the importance of this factor in not abstaining. *See*

---

[4] The state cases are being litigated in New York City Civil Court. (Fogarty Supp. Decl. ¶ 8.)

*Five Boro Psychological Servs.*, 939 F. Supp. 2d at 216 n.8 ("[Plaintiff] alleges a systematic, institutionalized fraudulent scheme designed to produce thousands of individual fraudulent no-fault claims. I reject the suggestion that such a defense is better raised and resolved (potentially in conflicting ways) in every one of literally hundreds of small-dollar cases pending in numerous different state courts, rather than in a single case like this one."); *State Farm Mut. Auto. Ins. Co. v. James M. Liguori, M.D., P.C.*, 589 F. Supp. 2d 221, 239 (E.D.N.Y. 2008) ("[T]he third factor argues against abstention in that the actions defendants have brought against plaintiff in state court appear to be individual litigations of claims to determine the medical necessity of the tests and consultations performed and/or billed. A declaratory judgment in this case might prevent the need for resolution of the pending individual cases."). The third *Colorado River* factor thus weighs heavily against abstaining in this case.

        iii. *Factor Four: Order of Case Filing*

The fact that most of the state court actions appear to have been filed prior to the instant case (*see* Fogarty Supp. Decl. ¶ 9(ii)) would, at first, appear to weigh in favor of abstention. The Supreme Court, however, has emphasized that, for the purposes of the abstention analysis, "priority should not be measured exclusively by which complaint was filed first,

rather in terms of how much progress has been made in the . . . actions." *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 21; *see also Woodford*, 239 F.3d at 524-25 (discussing the fourth *Colorado River* factor in terms of the progress made in the respective lawsuits and holding that district courts must consider the relative progress of both the state and federal cases). According to plaintiffs' records, the vast majority of the pending state court cases do not have trial dates. (Fogarty Supp. Decl. Ex. C.) Of those cases that do have scheduled trial dates, most of those dates are in late 2014 or in 2015. By contrast, the instant matter has been fully litigated and, absent resolution of the declaratory judgment issue, judgment is ready to be entered on all claims in this case. For that reason, the fourth *Colorado River* factor also counsels against abstention.

   iv. *Factor Five: Complexity of State Law at Issue*

  The fifth factor also weighs against abstaining in the instant case. "[B]ecause all diversity suits raise issues of state law, their presence does not weigh heavily in favor of surrender of jurisdiction." *Steinberg v. Nationwide Mut. Ins. Co.*, 418 F. Supp. 2d 215, 225 (E.D.N.Y. 2006) (quoting *Arkwright-Boston Mfrs. Mut. Ins. Co. v. City of New York*, 762 F.2d 205, 211 (2d Cir. 1985)). "Although the presence of federal issues strongly advises exercising federal jurisdiction,

the absence of federal issues does not strongly advise dismissal, unless the state law issues are novel or particularly complex." *Vill. of Westfield*, 170 F.3d at 124; see also *Liguori* 589 F. Supp. 2d at 240 (finding similar claims to those in the instant case to be "not particularly complex"). In the instant action, the underlying state-law claims asserted by GEICO are common law claims of fraud and unjust enrichment and are not particularly novel or complex. Accordingly, the court finds that the fifth factor under *Colorado River* does not militate in favor of abstention.

> v. *Factor Six: Protection of Plaintiffs' Rights in the State Forum*

The sixth *Colorado River* factor is whether the state court proceeding will adequately protect the right the plaintiffs are seeking to vindicate in the federal lawsuit. Specifically, the court must determine whether "the parallel state-court litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties." *Moses H. Cone,* 460 U.S. at 28. While the court has no doubt that the New York City Civil Court would adequately and fairly protect plaintiffs' rights, the sheer number of state court actions initiated by Li-Elle and their progress in state court indicates that plaintiffs are unlikely to have their

15

claims resolved promptly. For that reason, the last *Colorado River* factor also weighs against abstention.

   vi. *Other Considerations*

  Finally the court notes, as it did in its order adopting the R&R, that the Second Circuit has also considered in evaluating the appropriateness of abstention "whether the proposed remedy is being used merely for 'procedural fencing' or a 'race to res judicata.'" *Chevron Corp.*, 667 F.3d at 245. Plaintiffs have presented detailed briefing to demonstrate that such concerns are not significant in this case. This court adopted Judge Scanlon's findings that defendant engaged in fraudulent billing and that defendant's non-appearance in this case indicates willful action on its part. (*See generally* Order Adopting R&R; R&R at 7, 18-19.) There is no indication that plaintiffs are attempting to manipulate the outcome of the state court cases by their request for declaratory judgment. In sum, this case does not present the "exceptional circumstances" in which abstention is appropriate. *Colo. River*, 424 U.S. at 813; *see also Gov't Emps. Ins. Co. v. AMD Chiropractic, P.C.*, No. 12-CV-4295, 2013 WL 5131057 (E.D.N.Y. Sept. 12, 2013); *Allstate Ins. Co. v. Smirnov*, No. 12-CV-1246, 2013 WL 5407224 (E.D.N.Y. Aug. 21, 2013); *Five Boro Psychological Servs.*, 939 F. Supp. 2d 208 (all granting declaratory relief in factually similar fraudulent insurance billing cases).

## CONCLUSION

Because the *Colorado River* six-factor test counsels against abstaining from adjudicating plaintiffs' motion for a declaratory judgment, the court grants plaintiffs' motion for declaratory judgment that plaintiffs are not liable to Li-Elle for the claims sought by Li-Elle in the state court actions and identified in the supplemental Fogarty Declaration. Upon plaintiffs' submission by March 31, 2014 of a proposed updated judgment, with calculations of damages for fraud and unjust enrichment, and interest provided by law, and upon the court's review of that proposed judgment, the Clerk of Court will be directed to enter judgment in favor of plaintiffs on their declaratory judgment, common law fraud, and unjust enrichment claims. Plaintiffs shall serve a copy of this Memorandum and Order on defendant and file a declaration of service by March 24, 2014.

**SO ORDERED.**

Dated: Brooklyn, New York
March 21, 2014

_____/s_____
KIYO A. MATSUMOTO
United States District Judge